# EXHIBIT A

Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, at al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KICKIN ENTERPRISES, INC., and STEVE LAWRENCE SCHALLER, Individually,<br><br>Defendants. | Case No.: C07-6460 WDB<br><br>**STIPULATION FOR ENTRY OF JUDGMENT** |

IT IS HEREBY STIPULATED by and between the parties hereto as follows:

1.  Defendants entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.  Defendants have become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements. In consideration of the Parties' entering this Stipulation, it is agreed that the additional amounts incurred as a result of that debt shall be waived, and plaintiffs claim only the debt principal as follows:

| | | |
|---|---|---|
| **Revised Audits** | | |
| Contributions (1/1/06 – 12/31/07) | | $2,953.04 |
| **Contribution Delinquencies** | | |
| NCA Short Form (6/07– 9/07) | $23,266.22 | |
| Payment , 2/12/08 | (800.00) | |
| Payment, 5/6/08 | (1600.00) | 20,866.22 |
| Redding Addendum Contributions (6/07 – 9/07) | | 13,587.49 |
| **Total Due** | | **$37,406.75** |

3. Defendants shall pay the amount of **$37,406.75**, as follows:

    a. On or before **May 30, 2008**, defendants shall pay **$800.00** to plaintiffs, as described in section 2(e) below. Thereafter, beginning **June 30, 2008** and continuing on or before the last business day of each month until the balance is paid (estimated to be on or before February 27, 2009,) defendant will pay to plaintiffs **$4,245.00** per month.

    b. Effective May 31, 2008, the unpaid principal balance due shall accrue interest at the rate of 12% per annum, as set forth in the Collective Bargaining and Trust Agreements.

    c. Defendant shall have the right to increase the monthly payments at any time, which can be made by joint check if endorsed by defendant prior to submission to plaintiffs.

    d. Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid principal balance, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

    e. Payments shall be made to the "*Operating Engineers Local 3 Trust Funds*", and received by Muriel B. Kaplan, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA 94104 **on or before the last business day of each month** as stated above, or to such other address as may be specified by plaintiffs.

2
STIPULATION FOR ENTRY OF JUDGMENT

4.      Any check is not timely submitted, or that fails to clear the bank, or is unable to be negotiated for any reason, shall be considered to be a default under this Stipulation. In that event, plaintiffs shall make a written demand to defendants to cure said default. Default will only be cured by the issuance of a replacement, *cashier's check*, received by Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendants elect to cure said default, and plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* if the default was caused by a failed check. In the event default is not cured, plaintiffs shall file this Stipulation for Entry of Judgment with the Court, in the amount of the principal unpaid balance remaining due, increased by any additional contributions due (see paragraph 5 below), plus liquidated damages and interest incurred thereon, as well as all attorneys fees and costs incurred relative to the default and the collection of the amounts due herein (see paragraph 7(d) below.). A Declaration of plaintiffs, or their counsel, regarding the balance due will be sufficient to confirm the amount of the Judgment to be entered.

5.      Beginning with contributions due for hours worked by any employees of defendants during the month of May, 2008, due on June 15, 2008 and delinquent if not received by June 25, 2008, and for every month thereafter until this Stipulation is satisfied, defendants *shall remain current in submitting reports and any contributions due* to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check,** to Muriel B. Kaplan at 415-882-9287, *prior to sending the payment to the Trust Fund office, so that timely compliance can be confirmed.* Failure by defendants to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum

3
STIPULATION FOR ENTRY OF JUDGMENT

interest accrued on the total contributions and liquidated damages, shall be due and added to and become a part of any Judgment entered, and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants in writing of any additional amounts owed pursuant to the terms of this Stipulation, which shall be paid with the last payment due under this agreement.

7. In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, then,

   a. This Stipulation for Entry of Judgment will be filed with the Court, with a Declaration from an authorized representative of plaintiffs regarding the amount of the Judgment to be entered, as described in paragraph 4 above.

   b. A writ of execution may be obtained against defendants without further notice, in the amount of the unpaid principal balance, plus any additional amounts due under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant, and the balance due and owing as of the date of default. Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.

   c. Defendants will be provided with notice of any default as provided in paragraph 4 above. Once the cure period has expired, Defendants waive all rights to stay of execution and appeal.

      d.    Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with any default of defendants under this Stipulation. These amounts shall be included in the last payment hereunder, as referenced in paragraph 4 above.

    8.    Any failure on the part of the plaintiffs to take any action against defendants as provided herein for any breach of the provisions of this Stipulation, shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

    9.    The Parties acknowledge their joint intention that, upon execution by all of the Parties, and the satisfaction of all amounts due herein, this Stipulation shall be effective as a full and final accord and satisfaction, waiver and settlement of the claims contained herein.

    10.    In the event of the filing of a bankruptcy petition by either or both of the defendants, the parties agree that any payments made by defendants pursuant to the terms of this judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

    11.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

    12.    Defendants each represent and warrant that they have been or have had the opportunity to be, represented by counsel of their own choosing in connection with entering this Stipulation and understanding the terms and conditions set forth herein, that they have read this

5
STIPULATION FOR ENTRY OF JUDGMENT

Stipulation with care and are fully aware of and understand that they enter into this Stipulation voluntarily.

13. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: May 27, 2008

KICKIN ENTERPRISES, INC.

By _____

Dated: May 27, 2008

STEVE LAWRENCE SCHALLER

_____
Individually

Dated: May 28th, 2008

OPERATING ENGINEERS LOCAL 3 TRUST FUNDS

_____
Wayne E. McBride

Dated: May 30th, 2008

SALTZMAN & JOHNSON
LAW CORPORATION

_____
Muriel B. Kaplan
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: _____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATION FOR ENTRY OF JUDGMENT 5