United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KICKIN ENTERPRISES, INC., a California Corporation, and STEVE LAWRENCE SCHALLER, individually,<br><br>Defendants. | No. C 07-06460 WHA<br><br>**ORDER RE REQUEST FOR ENTRY OF JUDGMENT** |

On May 30, 2008, plaintiffs filed with the Court a notice of voluntary dismissal without prejudice in which plaintiffs notified the court that the parties had entered a stipulation for entry of judgment. The stipulation established a payment plan to satisfy the amounts defendants owed plaintiffs in this action. The Court signed the voluntary dismissal on July 2, 2008.

The parties' stipulation provided that, in the even of a default under that agreement which is not cured according to the terms of the agreement, "plaintiffs shall file this Stipulation for Entry of Judgment with the Court, in the amount of the principal unpaid balance remaining due . . . . A Declaration of plaintiffs, or their counsel, regarding the balance due will be sufficient to confirm the amount of the Judgment to be entered" (Dkt. No. 25, Exh. A at ¶ 4).

On September 26, 2008, plaintiffs filed with the Court a request for entry of judgment contending that defendants had failed to make a payment required under the parties' stipulation

and had failed to cure pursuant to the terms of stipulation. Plaintiffs requested that the Court file plaintiffs' proposed order entering judgment against defendants for the balance due under the agreement plus interest and attorney's fees (Dkt. No. 28 ¶ 10).

The Court ordered defendants to respond and inform the Court whether defendants opposed plaintiffs' requested entry of judgment and on what grounds (Dkt. No. 29). The order indicated that, if defendants failed to respond, the proposed judgment would be entered. Defendants filed no response. The Court, therefore, grants plaintiffs' request for entry of judgment pursuant to paragraphs 4 and 7 of the stipulation for entry of judgment (Dkt. No. 25–26), and enters the attached judgment.

**IT IS SO ORDERED.**

Dated: November 20, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2